```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CEMENT MASONS AND PLASTERERS LOCAL UNION 699 ANNUITY FUND, et al., | HON. JEROME B. SIMANDLE |
| Plaintiffs, | Civil No. 01-2383 (JBS) |
| v. | **OPINION** |
| KERRIGAN ASSOCIATES, et al., | |
| Defendants. | |

APPEARANCES:

Jeffrey Robert Caccese, Esq.
O'BRIEN, BELLAND & BUSHINSKY, LLC
1526 Haddonfield-Berlin Road
Cherry Hill, NJ 08003
    -and-
Nancy Sokol, Esq.
O'BRIEN, BELLAND & BUSHINSKY, LLC
The Executive Plaza
2111 New Road
Suite 101
Northfield, NJ 08225
    Counsel for Plaintiffs

Martin I. Isenberg, Esq.
High Ridge Commons
200 Haddonfield-Berlin Road
Suite 200
Gibbsboro, NJ 08026
    Counsel for Defendant Nancy Kerrigan


**SIMANDLE**, District Judge:

   Defendant Nancy Kerrigan ("Defendant") moves the Court to vacate its August 28, 2001 default judgment in favor of Plaintiffs Cement Masons and Plasterers Local Union 699 Annuity

Fund, Anthony Disabato, Ron Panna, and Cement Masons and Plasterers Local Union 699 (collectively, "Plaintiffs"). Defendant alleges in her motion, filed over six years after judgment was entered, that she knew nothing about this action or the default judgment until January, 2007. She further attacks the merits of Plaintiff's original complaint. The Court, for the reasons discussed below, finds Defendant's motion untimely and therefore denies her request to vacate the default judgment entered against her [Docket Item 12].

I.  **BACKGROUND**

On May 21, 2001, Plaintiffs filed their Complaint in this matter, alleging that Defendant, along with her husband Kerry Kerrigan and Kerrigan Associates, failed to make required contributions to Plaintiff's employee benefit plans, in violation of the Employee Retirement Income Security Act of 1974 [Docket Item 1]. On July 10, 2001, a Return of Service was executed on Defendant, making her answer due July 30, 2001 [Docket Item 3]. (Def. Ex. 8.) She filed no responsive pleading and no motion to dismiss. On August 27, 2001, Plaintiffs requested that default be entered against Defendant, as well as her co-defendants. This Court entered a default judgment on August 28, 2001 [Docket Item 10], stating:

> The Defendants, Kerrigan Associates, Nancy Kerrigan, Kerry Kerrigan, having been duly served with process and a copy of the complaint in the above titled action, and having been defaulted for

> failure to answer, appear, or otherwise move as to
> the complaint, and defendant not being an infant or
> incompetent person; and plaintiffs having testified
> and filed an affidavit setting forth a particular
> statement of the items of the claims and the
> amounts and dates, a calculation in figures of the
> amount of the amount of interest, the payments or
> credits, if any, and the net amount due,
> JUDGMENT is on this 28th day of August, 2001, signed
> and entered in the sum of $8,108.48 plus costs in
> the amount of $170.00 in favor of the plaintiffs
> Cement Masons Union Local 699 Benefit Funds, et al.
> and against defendants Kerrigan Associates, Nancy
> Kerrigan, Kerry Kerrigan.

(Def. Ex. 1.)

On March 11, 2008, Defendant filed this motion to vacate default judgment under Federal Rules of Civil Procedure 60(b)(4)-(6), arguing that the default judgment is void, it is no longer equitable to prospectively apply the judgment, and it should be vacated because Defendant was not aware of this action or the judgment against her. Plaintiffs respond principally that Defendant received repeated notice of this action and the default judgment, that she has no meritorious defenses to the Complaint, and that they would be severely prejudiced if her motion to vacate were granted.

**II. DISCUSSION**

The Court may set aside a default judgment on a motion on one of six enumerated grounds.[1] Fed. R. Civ. P. 55(c), 60(b).

---

[1] Fed. R. Civ. P. 60(b) reads:
Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative

The Court cannot consider such a motion, however, if it is not filed "within a reasonable time."[2]  Fed. R. Civ. P. 60(c)(1); Franklin Mint, Co. v. Boyd, No. 99-03823, 2001 U.S. Dist. LEXIS 5631 (E.D. Pa. 2001).  "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the consideration of] prejudice [if any] to other parties."  Devon v. Vaugh, No. 94-2534, 1995 U.S. Dist. LEXIS 5559, at *4 (E.D. Pa. 1995) (quoting Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 610 (7th Cir. 1986)).

---

>  from a final judgment, order, or proceeding for the
>  following reasons:
>  (1)  mistake, inadvertence, surprise, or excusable
>       neglect;
>  (2)  newly discovered evidence that, with
>       reasonable diligence, could not have been
>       discovered in time to move for a new trial
>       under Rule 59(b);
>  (3)  fraud (whether previously called intrinsic or
>       extrinsic), misrepresentation, or misconduct
>       by an opposing party;
>  (4)  the judgment is void;
>  (5)  the judgment has been satisfied, released or
>       discharged; it is based on an earlier judgment
>       that has ben reversed or vacated; or applying
>       it prospectively is no longer equitable; or
>  (6)  any other reason that justifies relief.

   [2] All motions under Rule 60(b) must be made within a reasonable time, but for motions under (1), (2), or (3) they must be made within one year after the entry of the judgment or order or the date of the proceeding.  Fed. R. Civ. P. 60(c)(1).

Defendant, recognizing that a "difficulty" with her instant motion is timeliness, argues that her motion was filed within a reasonable time from when she learned of the judgment.  (Def. Br. at 7-9.)  She has submitted an affidavit in which she points out that the address on the summons "61 Waterford Drive, Delran, NJ" is incorrect, because she lived at "861 Waterford Drive" in Delran.  (Def. Aff. at ¶¶ 1, 7.)  She further asserts that "[c]ontrary to the Return of Service executed by one Frank Lind, Investigator, filed July 26, 2001, declaring under oath that he personally served me at 1950 Everetts Corners Road, Hartly, Delaware . . . I was never personally served with process." (Def. Aff. at ¶ 8.)  By some means not explained in her motion, Defendant states that she finally learned of the default judgment against her "[o]n or about January 8, 2007" and sent a letter inquiring about the judgment to the Court.  (Def. Aff. at ¶ 12; Def. Ex. 9.)  Ten months later, "[o]n or about October 16, 2007," Defendant hired counsel and began "research and investigation" to support a motion to vacate her default judgment.  (Def. Aff. at ¶ 14.)  Four months after that, on February 26, 2008, Defendant's counsel filed this motion, explaining that he did not receive a copy of the Collective Bargaining Agreement referenced in Plaintiffs' complaint from Plaintiffs' counsel until February 5, 2008.  (Def. Br. at 9.)

Plaintiffs strongly object to Defendant's claim that she did not know about this matter until January 2007.  They first point to the sworn Return of Service, arguing that even if the attached summons had an incorrect address, Defendant was personally served with the summons and complaint at the 1950 Everett Corner Road address. (Pls. Counsel Aff. at 3; Pls. Ex. B.)  Next, Plaintiffs submit proof of service of a subpoena, served by Ed Sutton, another investigator, for the purpose of taking Defendant's deposition.  (Pls. Counsel Aff. at 5.)  On December 13, 2001, Mr. Sutton signed that proof of service under penalty of perjury indicating that he served both Defendant and her husband Kerry Kerrigan,[3] at 1950 Everetts Corner Road, after twelve unsuccessful attempts.  (Pls. Ex. D.)  On January 14, 2002, Plaintiffs' counsel mailed letters to both Defendant and Kerry Kerrigan with regards to the December 2001 subpoena.  (Pls. Ex. E.)  Both letters were returned "Refused."  (Pls. Ex. F.)  Then on May 28, 2002, Mr. Sutton signed another proof of service under penalty of perjury for another subpoena served on Defendant, this one in regards to the judgment against her.  (Pls. Counsel Aff. at 8, Pls. Ex. G.)  Finally, on January 13, 2004, Plaintiffs' counsel mailed a letter to Defendant and Kerry Kerrigan at the 1950 Everetts Corner Road address informing them that Plaintiffs

---

[3] On April 25, 2005, Defendant and Kerry Kerrigan were divorced.  (Def. Ex. 6A.)

had begun the process of transferring the judgment from New Jersey to Delaware. (Pls. Counsel Aff. at 9; Pls. Ex. H.)

When a motion under Rule 60(b) involves a disputed question of fact, this Court acts as the factfinder. See Budget Blinds, Inc. v. White, 536 F.3d 244, 260 (3d Cir. 2008) (remanding matter to District Court to resolve factual dispute relating to a motion under Rule 60(b)(4)). The Court finds that Defendant had sufficient notice of this action as well as the default judgment against her, and by waiting years to ask the Court to vacate that judgment she has failed to file this motion "within a reasonable time." Even if this Court were to credit her assertion that she was not "personally served" with the summons and complaint, she has failed to provide an explanation for her ignorance of the numerous other contacts she had with Plaintiffs' counsel with regards to this matter - including two subpoenas served on her and two letters mailed to her home address. Further, this Court finds that Defendant actively avoided service, as evidenced by the twelve attempts to serve her with a subpoena (before she was successfully served) and the mail returned to Plaintiffs' counsel as "Refused." Even after allegedly discovering the default judgment, Defendant took almost a year before hiring a lawyer and beginning her investigation into the matter. The cause of the delay in this case was Defendant's own efforts at avoiding the consequences of the default judgment.

Further, the Court finds compelling Plaintiffs' concern that they will be prejudiced if this Court were to vacate an almost seven year-old judgment and force Plaintiffs to present evidence of a debt that is over nine years old. (Pls. Ltr. at 4.) ("Specifically, the payroll records and job contracts of Defendant Kerrigan Associates are likely non-existent [at this point in time].") Also of concern is this Court's interest in the finality of a default judgment made over six years ago. See Budget Blinds, 536 F.3d at 255.

In light of these findings, the Court concludes that Defendant's motion was not filed within a reasonable time and cannot consider her arguments under Rule 60(b). See Franklin Mint, 2001 U.S. Dist. LEXIS 5631, at *4-6 (court had no jurisdiction to consider merits of Rule 60(b) motion filed fourteen months after default judgment, because that motion was not filed within a reasonable time); U.S. v. Richlyn Labs., Inc., 365 F. Supp. 805 (E.D. Pa. 1973) (government's motion under Rule 60(b) was not made within a reasonable time when government delayed over seven months after discovery of the dismissal); Mach v. Pennsylvania, 198 F. Supp. 473 (W.D. Pa 1961) (even if plaintiff had valid ground to seek relief under Rule 60(b), a motion to vacate judgment was not timely when more than three years had elapsed and defendant would be prejudiced if made to

proceed to trial). Consequently, the Court must deny her motion to vacate.

The Court further concludes that, even if this motion were timely, it cannot succeed. In deciding whether to vacate a default judgment, the Court must consider:

> (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions.

Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987).[4] In this case, Defendant either actively avoided or remained willfully blind to this litigation over a period of almost seven years, conduct this Court finds to be culpable. In addition, Plaintiffs would be forced to reassemble a case arising from events that occurred over nine years ago. These factors overwhelm any possible defense or alternative sanction. Consequently, were the Court to consider the merits of Defendant's motion to vacate default judgment, she would not prevail.

---

[4] For a motion under Rule 60(b)(6) the moving party must also demonstrate "extraordinary circumstances," which "involves a showing that without relief from judgment, 'an extreme and unexpected hardship will result.'" Budget Blinds, 536 F.3d at 255. Though Defendant seeks to vacate, inter alia, under Rule 60(b)(6), she presents no evidence of extreme or unexpected hardship. Regardless, because her motion is untimely she certainly cannot prevail under Rule 60(b)(6).

Nonetheless, because Defendant's motion was not filed within a reasonable time, the Court will deny her motion to vacate the default judgment entered against her and order this docket closed.

### III. CONCLUSION

For the reasons explained above, the Court will deny Defendant's motion to vacate default judgment. The accompanying Order will be entered.

**October 8, 2008**          **s/ Jerome B. Simandle**
Date                                             JEROME B. SIMANDLE
                                                 United States District Judge